UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**1: CV 00-2228**

SAMSON OMOSEFUNMI,
PLAINTIFF,

Vs.

YORK COUNTY PRISON,
THOMAS HOGAN, WARDEN,
DENNIS W. BOWEN, DEPUTY WARDEN,
CAPT. FRANK KLUYBER JR.,
OFFICER MARK LUTZ,
OFFICER EBERHART,
OFFICER FRANCISCO, AND
OFFICER ALVAREZ,
JYL HUMMEL, MEDICAL DIRECTOR, AND
JANE DOES, MEDICAL PERSONNELS, ET. AL.,
DEFENDANTS.

DKT. #:

RECEIVED
SCRANTON
DEC 21 2000
MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

FILED
SCRANTON
DEC 21 2000
PER _____ DEPUTY CLERK

## COMPLAINT FOR CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATIONS WITH JURY DEMAND

1. THIS IS A CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATIONS WITH JURY DEMAND FILED BY AN INS DETAINEE AT YORK COUNTY PRISON, SEEKING REDRESS FOR WRONGS COMMITTED BY THE NAMED DEFENDANTS. PLAINTIFF ALLEGES VIOLATION OF HIS RIGHTS AS SECURED BY WAY OF THE 1ST, 8TH, AND 14TH AMENDMENTS, TO THE UNITED STATES CONSTITUTION.

## SUMMARY OF CLAIM

2. AT ALL TIMES MATERIAL HERETO, PLAINTIFF HAS BEEN AN INS DETAINEE IN THE CUSTODY OF THE IMMIGRATION AND NATURALIZATION SERVICE, PENNSYLVANIA AND HAS BEEN HELD AT THE YORK COUNTY PRISON, 3400 CONCORD RD., YORK, PA., 17402.

(2)

A. PLAINTIFF'S FEDERAL CLAIMS ARE THAT, AFTER HE COMPLAINED ABOUT DENIAL OF ACCESS TO ALL HIS LEGAL PAPERS AND USE OF LAW LIBRARY ON OR ABOUT 12/8/00: (1) DEFENDANT THOMAS HOGAN, WARDEN INSTRUCTED DEFENDANTS CAPT. FRANK KLUYBER JR., OFFICER MARK LUTZ, OFFICER EBERHART, OFFICER FRANCISCO, AND OTHERS TO PHYSICALLY REMOVED ME FROM MY CELL #6 TO BE DEPORTED TO NIGERIA DESPITE COURT ORDER ENTERED BY HON. JUDGE WOODLOCK, U.S. DISTRICT COURT JUDGE, MASSACHUSETTS STAYING MY DEPORTATION TO NIGERIA; (2) THAT DEFENDANTS KLUYBER JR., LUTZ, EBERHART, AND FRANCISCO, ETC., FORCIBLY TRIED TO REMOVED THIS PLAINTIFF FROM HIS CELL #6 TO NIGERIA ON 12/9/00, 12/10/00, AND 12/11/00, RESPECTIVELY, DISREGARDED THE PHYSICAL MEDICAL CONDITION OF PLAINTIFF, AND DID ASSAULTED PLAINTIFF, CAUSING BODILY INJURIES BY TWISTING PLAINTIFF'S NECK AND BACK, AND THUS AGGRAVATING PLAINTIFF'S NECK AND BACK INJURIES; (3) THAT DEFENDANT FRANCISCO ALSO TOOK AWAY PLAINTIFF'S WHEELCHAIR AND CONTINUED TO THREATENED ME VERBALLY; (4) THAT DEFENDANTS LUTZ, AND KLUYBER JR., CONTINUED THREATENED TO CAUSE BODILY HARM AND INJURIES UPON THIS PLAINTIFF, AND ON 12/11/00, FABRICATED A DISCIPLINARY INCIDENT REPORT AND CONVESELY MOVED PLAINTIFF SOLITARY CONFINEMENT WITHOUT DUE PROCESS ON 12/11/00; (5) THAT DEFENDANTS ALVAREZ, AND FRANCISCO THREATENED TO HARM AND INJURE PLAINTIFF AND VERBALLY ASSAULTED PLAINTIFF ON 12/14/00 WHEN THEY PELTED ME WITH RACIAL SLURS.

B. PLAINTIFF'S CLAIMS ARE THAT, AFTER HE COMPLAINED ABOUT THIS FACILITY NOT PROVIDING HIM WITH ACCESS TO HANDICAPPED SHOWERS AND TOILETS: (1) DEFENDANT DENNIS W. BOWEN, DEPUTY WARDEN AND THIS FACILITY OFFICERS CREATED A "KANGAROO" PANEL ON 12/13/00, IMPOSING SANCTIONS OF 7 DAYS SOLITARY CONFINEMENT WITHOUT THE OPPORTUNITY OF PLAINTIFF TO BE PRESENT AND HEARD.

C. PLAINTIFF'S CLAIMS ARE THAT, AFTER HE COMPLAINED ABOUT DENIAL OF ACCESS TO HIS MEDICATIONS AND MEDICAL TREATMENT, DEFENDANTS, JYL HUMMEL, AND MEDICAL STAFFS, AND THIS FACILITY RETALIATED AGAINST HIM AND STOPPED GIVEN HIM HIS MEDICATIONS AND TOLD HIM THAT HIS MEDICATIONS ARE IN NIGERIA, AND SUBJECTED HIM MORE TORTUROUS, UNNECESSARY PAIN AND SUFFERING.

D. PLAINTIFF'S CLAIMS ARE THAT, THE DEFENDANTS DENIED HIM MEDICAL THERAPEUTIC FOOD DIETS; ACCESS TO HANDICAPPED TOILETS

AND SHOWERS; PHYSICAL THERAPEUTIC TREATMENTS; PSYCHOTHERAPY TREATMENTS; AND ACCESS TO ALL HIS LEGAL PAPERS.

E. PLAINTIFF'S CLAIMS ARE THAT, DEFENDANTS AND OTHERS RETALIATED AND DISCRIMINATED AGAINST HIM AND TREATED PLAINTIFF DIFFERENTLY FROM OTHERS, ADVERSELY BECAUSE OF PLAINTIFF'S DISABILITIES. PLAINTIFF BRINGS THESE CLAIMS UNDER 42 USC 198[3] AND 42 USC 12132.

F. PLAINTIFF'S CLAIMS THAT, DEFENDANTS AND OTHER OFFICIAL[S] AT YORK COUNTY PRISON DEPRIEVED HIM OF HIS CLEARLY-ESTABLISHE[D] FUNDAMENTAL CONSTITUTIONAL RIGHTS OF ACCESS TO ALL HIS LEGAL PAPERS, LAW LIBRARY, ADEQUATE MEDICAL TREATMENTS AND MEDICATIONS, HANDICAPPED TOILETS AND SHOWERS, MEDICAL THERAPEUTI[C] FOOD DIETS, PHYSICAL THERAPEUTIC TREATMENTS, PSYCHOTHERAPY TREATMENTS, ETC. TO BE PROTECTED FROM CRUEL AND UNUSUAL PUNISHMENT, TO BE FREE FROM UNPROVOKED MENTAL AND PSYCHOLOGICA[L] ASSAULTS, AND TO EQUAL PROTECTION OF THE LAW WITH PEOPLE WITH DISABILITIES.

G. PLAINTIFF SEEKS ACTUAL AND EXEMPLARY DAMAGES, INTERESTS, COSTS AND ATTORNEY FEES FROM THE DEFENDANTS AND FURTHE[R] SEEKS INTERIM AND PERMANENT INJUNCTIVE RELIEF PROHIBITING FURTHER RETALIATION AND INTERFERENCE WITH PLAINTIFF'S RIGHTS, B[Y] THE NAMED DEFENDANTS AND OTHERS.

## JURISDICTION AND VENUE

3. THIS HONORABLE COURT HAS SUBJECT MATTER JURISDICTION OVER THIS CLAIMS AS ALLEGED, PURSUANT TO 28 USC SECS. 1331 AND 133[2], 42 USC SECS. 1983, 1985, AND 1988, 42 USC SEC. 12132, WHERE T[HIS] ACTION IS BROUGHT BY A FEDERAL PRISONER, AND WHERE THE CONDUCT A[ND] INJURIES ALLEGED DID NOT ARISE IN A FEDERAL CORRECTIONAL DETE[NTION] FACILITY, AND WHERE PENNSYLVANIA LAW PROVIDES REMEDIES FOR THE CONDUCT ALLEGED AND THIS CONDUCT SHARES A COMMON FACTUAL NEXU[S] WITH THE FEDERAL LAW CLAIMS ASSERTED HEREIN. PLAINTIFF INVOK[ES] PENDENT JURISDICTION OF THIS COURT ON ALL ISSUES PRESENTED.

4. VENUE IS PROPERLY LAID IN THE MIDDLE DISTRICT OF PENNSYL[-]VANIA, WHERE THE ACTIONS COMPLAINED OF OCCURED WITHIN THAT DISTRICT.

## PARTIES

5. PLAINTIFF, SAMSON OMOSEFUNMI, IS A RESIDENT OF THE COMMONWEALTH OF MASSACHUSETTS. AT ALL TIMES MATERIAL HERETO, THIS PLAINTIFF HAS BEEN AN INS DETAINEE IN THE IMMEDIATE CUSTODY OF THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

6. DEFENDANT, THOMAS HOGAN, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, THE WARDEN OF YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402, AND IN SAID CAPACITY, THIS DEFENDANT IS RESPONSIBLE FOR THE TOTAL COMPLETE OPERATION OF THE YORK COUNTY PRISON.

7. DEFENDANT, DENNIS W. BOWEN, IS AND WAS AT ALL TIME MENTION WITHIN THIS LAW SUIT, THE DEPUTY WARDEN OF YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402, AND IN SAID CAPACITY, THIS DEFENDANT IS RESPOSIBLE FOR THE OVERSEER OF DISCIPLINARY HEARING PANEL AT THE YORK COUNTY PRISON.

8. DEFENDANT, CAPT. FRANK KLUBER JR., IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, AN SUPERVISORY OFFICER AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

9. DEFENDANT, MARK LUTZ, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, AN OFFICER AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

10. DEFENDANT, EBERHART, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, AN OFFICER AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

11. DEFENDANT, FRANCISCO, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, AN OFFICER AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

12. DEFENDANT, ALVAREZ, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, AN OFFICER AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402.

13. DEFENDANT, JYL HUMMEL, IS AND WAS AT ALL TIMES MENTION WITHIN THIS LAW SUIT, IS THE DIRECTOR OF THE MEDICAL HEALTH SERVICES AT THE YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402, AND IN SAID CAPACITY, THIS DEFENDANT IS FULLY RESPONSIBLE FOR THE COMPLETE, TOTAL OPERATION OF THE MEDICAL HEALTH SERVICES AT YORK PRISON.

14. EACH DEFENDANT IS BEING SUED INDIVIDUALLY IN THEIR BOTH

PERSONAL AND OFFICIAL CAPACITIES AND AT ALL TIMES RELEVANT, EACH DEFENDANT ACTED UNDER COLOR OF STATE AND FEDERAL LAWS. THESE DEFENDANTS, THOMAS HOGAN, DENNIS W. BOWEN, FRANK KLUMBER JR., MARY LUTZ, EBERHART, FRANCISCO ALVAREZ, JYL HUMMEL, AND JANE DOES, ET AL., ARE PERSONS WITHIN THE MEANING OF 42 USC SEC. 1983. THIS PLAINTIFF RESERVES THE RIGHT TO AMEND THIS LAW SUIT.

## STATEMENT OF CLAIM

15. THE PLAINTIFF HAD THE OCCASION TO BE DETAINED AT YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402 AS AN INS DETAINEE.

16. ON OR ABOUT 12-7-00, PLAINTIFF WAS PLACED IN THE CUSTODY OF YORK COUNTY PRISON, 3400 CONCORD ROAD, YORK, PA., 17402. THE PLAINTIFF ON SEVERAL OCCATIONS, STILL AND WAS IN CONSTRUCTIVE CUSTODY OF YORK COUNTY PRISON, COMPLAINS THAT YORK COUNTY PRISON IS AND WAS VIOLATING PLAINTIFF'S 1ST, 8TH, AND 14TH AMENDMENTS RIGHTS WHICH OUTLAWS CRUEL AND UNUSUAL PUNISHMENT OF A DETAINEE. THAT PLAINTIFF WAS HOUSED WITH MURDERERS, RAPISTS, AND ARMED ROBBERS; NEEDS OF ACCESS TO ALL HIS LEGAL PAPERS; ACCESS TO LAW LIBRARY, ADEQUATE MEDICAL TREATMENTS AND MEDICATIONS; HANDICAPPED TOILETS AND SHOWERS; NEEDS FOR MEDICAL THERAPEUTIC FOOD DIETS; PHYSICAL THERAPEUTIC TREATMENTS AND PSYCHOTHERAPY TREATMENTS, ETC., ALL IN VIOLATION OF CIVILITY. MY REQUESTS WERE NOT ACTED UPON BY THE DEFENDANTS.

17. ON OR ABOUT 12-8-00, 12-9-00, 12-10-00, 12-11-00, 12-12-00, 12-13-00, 12-14-00, 12-15-00, 12-16-00, AND 12-17-00, RESPECTIVELY, PLAINTIFF FILED WRITTEN REQUESTS ABOUT THE NEEDS TO ACCESS TO ALL HIS LEGAL PAPERS, LAW LIBRARY; ACCESS TO HANDICAPPED TOILETS AND SHOWERS; NEEDS FOR MEDICAL THERAPEUTIC FOOD DIETS; PHYSICAL THERAPEUTIC TREATMENTS; PSYCHOTHERAPY TREATMENTS; AND ADEQUATE MEDICAL TREATMENTS AND MEDICATIONS, ETC., AND SOME OTHER NEEDED ASSISTANCE.

18. ON OR ABOUT 12-9-00, 12-12-00, 12-13-00, AND 12-14-00, RESPECTIVELY, THIS PLAINTIFF FILED WRITTEN COMPLAINT (FORM-801) ABOUT THIS FACT VIOLATING HIS BOTH CIVIL AND CONSTITUTIONAL RIGHTS, AND NO ACTION TAKEN.

19. ON OR ABOUT 12-12-00 THROUGH 12-14-00, THIS PLAINTIFF PROTESTED BY GOING ON HUNGER STRIKE TO FORCE THE DEFENDANTS TO LOOK INTO HIS CARES AND CONDITIONS, BUT WAS FUTILED.

20. ON OR ABOUT 12-13-00, PLAINTIFF FAINTED AND PASSED OUT DUE MASSIVE CHEST PAIN, DEFENDANTS JANE DOES (FEMALE NURSES) WILL

(6)

ATTEND, TOUCH, OR TREATS THIS PLAINTIFF, BUT INSTEAD PELTED AND TAUNTED HIM WITH SOME DEROGATIVE COMMENTS LIKE, "YOU STINK", "YOU NEED SHOWER", BUT FORGOTTEN THAT THIS FACILITY HAVE NOT PROVIDED PLAINTIFF ACCESS TO HANDICAPPED TOILETS AND SHOWERS SINCE HIS ARRIVAL ON 12-7-00.

21. DEFENDANTS WILLFULLY DENIED PLAINTIFF HIS ACCESS TO ALL HIS LEGAL PAPERS, LAW LIBRARY, HANDICAPPED TOILETS AND SHOWERS, MEDICAL THERAPEUTIC FOOD DIETS, PHYSICAL THERAPEUTIC TREATMENTS, PSYCHOTHERAPY TREATMENTS, AND ADEQUATE MEDICAL TREATMENTS AND MEDICATIONS FROM 12-7-00 TO PRESENT.

22. PLAINTIFF ALLEGED THAT DEFENDANTS ARE GIVEN POISONOUS FOOD THAT AGGRAVATED HIS ALREADY WORSEN MEDICAL CONDITIONS AND THERE SUBJECTED HIM TO STARVATION, AND AS OF YET, THIS PLAINTIFF HAS NEVER BEEN PROVIDED WITH ANY PROPER FOOD DIETS FOR HEALTH REASONS.

23. DEFENDANTS WILLFULLY DENIED PLAINTIFF PHYSICAL THERAPEUTIC TREATMENTS DUE TO INJURIES SUSTAINED FROM 12-7-00 TO PRESENT, HIS PSYCHOTHERAPY TREATMENTS DUE TO CHRONIC MAJOR DEPRESSIVE ANXIETY DISORDERS, AND WILLFULLY SUBJECTED PLAINTIFF TO MORE TORTUROUS, UNNECESSARY PAIN AND SUFFERINGS.

24. DEFENDANTS WILLFULLY TREATED THIS PLAINTIFF DIFFERENTLY DISCRIMINATED AGAINST HIM FROM OTHERS, ADVERSELY BECAUSE OF THIS PLAINTIFF'S RACE AND DISABILITIES.

25. PLAINTIFF FACES IMMINENT RISK OR THREAT OF IRREPARABLE HARM, INCLUDING FURTHER DEPRIVATION OF CONSTITUTIONAL AND OTHER FEDERALLY-PROTECTED RIGHTS BY DEFENDANTS, FEAR OF FURTHER MENTAL AND PSYCHOLOGICAL TORTURE, AND FURTHER RETALIATION ABSENT RELIEF FROM THIS HONORABLE COURT.

## COUNT I

26. PARAGRAPHS 1 THROUGH 25 ARE INCORPORATED HEREIN AS IF SET FORTH IN FULL.

27. IT IS EVIDENT THAT ALL CONCERN WERE PLACED ON NOTICE OF POSSIBLE VIOLATIONS OF PLAINTIFF'S RIGHTS OF ACCESS TO ALL HIS LEGAL PAPERS, LAW LIBRARY, HANDICAPPED TOILETS AND SHOWERS, MEDICAL THERAPEUTIC FOOD DIETS, PHYSICAL THERAPEUTIC TREATMENTS, PSYCHOTHERAPY TREATMENTS, AND ADEQUATE MEDICAL TREATMENTS, INFLICTION OF CRUEL UNNECESSARY PAIN AND SUFFERING, AND PUNISHMENT OF DETAINEE. THEY

WERE INDIFFERENT BY NOT TAKING ANY ACTION ON PLAINTIFF'S COMPLAIN[T] AND REQUESTS.

28. A SUPERIOR OFFICER IS LIABLE WHEN THERE IS SOME "AFFIRMATIVE LINK" BETWEEN THE COMPLAINT OF THE PLAINTIFF AND ACTION OF A SUP[ERIOR] CORRECTIONAL OFFICER. A SUPERVISOR IS ALSO LIABLE WHEN HE OR SHE IS DIRECTLY INVOLVED IN THE MATTER AT ISSUE AND: (I) HAS EXERCISED CONTROL AND (II) HAS PERSONALLY PARTICIPATED IN THE ACTION OF THE SUBORDINATES. A SUPERVISOR'S FAILURE TO SUPERVISE WILL LEAD TO LIABILITY WHEN HE OR SHE FAILS TO PERFORM AN AFFIRMATIVE DUTY, CORRECT A PROBLEM, OR TRAIN SUBORDINATES.

29. PLAINTIFF SUFFERED EMOTIONAL, PHYSICAL, ECONOMIC INJURIES AND PAINS AS A DIRECT CONSEQUENCES OF THE WILLFUL MISCONDUCTS OF THESE NAMED DEFENDANTS.

30. DEFENDANTS ARE LIABLE TO PLAINTIFF FOR ACTUAL DAMAGES, EXEMPLARY DAMAGES, COSTS OF THIS ACTION, INCLUDING REASONABLE ATTORNEY FEES, AND INTEREST THEREON AS CONSEQUENCES OF THE INJURIE[S] AND DAMAGES ALLEGED IN THIS COUNT.

## COUNT II

31. PARAGRAPHS 1 THROUGH 30 ARE INCORPORATED HEREIN AS IF SE[T] FORTH IN FULL.

32. WHATEVER RIGHTS ONE MAY LOSE AT PRISON GATES, FULL PROTECTIO[N] OF EIGHTH AMENDMENT REMAINED IN FORCE. U.S.C.A CONST. AMEND. 8. UNDERLYING THE 8TH AMENDMENT IS A FUNDAMENTAL PREMISE THAT PRISONERS ARE NOT TO BE TREATED AS LESS THAN HUMAN-BEINGS, EXPECI[ALLY] AN INS DETAINEES GOING THROUGH CIVIL ADMINISTRATIVE PROCEEDINGS NOTHING CRIMINAL. SEE FURMAN V. GEORGIA, 408 U.S. 238, 271-73, 9[2] S. CT. 2726, 33 L.ED. 2D 346 (1972).

33. PLAINTIFF SUFFERED EMOTIONAL, PHYSICAL, ECONOMIC INJURIES AND PAIN, PSYCHOLOGICAL MENTAL ANGUISH AS DIRECT CONSEQUENCES OF THE WILLFUL MISCONDUCTS OF THESE NAMED DEFENDANTS.

34. DEFENDANTS ARE LIABLE TO PLAINTIFF FOR ACTUAL DAMAGES, EXEMPLARY DAMAGES, COSTS OF THIS ACTION INCLUDING REASONABLE ATTORNEY FEES, AND INTEREST THEREON AS THE CONSEQUENCES OF THE INJURIES AND DAMAGES ALLEGED IN THIS COUNT.

(8)

## COUNT III

35. PARAGRAPHS 1 THROUGH 34 ARE INCORPORATED HEREIN AS IF SET FORTH IN FULL.

36. THE PLAINTIFF, SAMSON OMOSEFUNMI, PROCEEDING PRO SE, AND INDIGENT WITHOUT FUNDS, CLAIMS THAT THESE NAMED DEFENDANTS SUBJECTED HIM TO CRUEL AND UNUSUAL PUNISHMENT, AND INFLICTION UNNECESSARY PAIN AND SUFFERING, AND DENIAL OF ACCESS TO ALL HIS LEGAL PAPERS AND LAW LIBRARY, UNDER THE 8TH AND 14TH AMENDMENTS TO THE CONSTITUTION.

37. PLAINTIFF ALSO ALLEGING THAT THESE NAMED DEFENDANTS BY FAILING TO ALLOW HIM ACCESS TO ALL HIS LEGAL PAPERS AND LAW LIBRARY, ARE DENYING HIM REASONABLE ACCESS TO COURTS AND EQUAL PROTECTION AS GUARANTEED BY THE 1ST AND 14TH AMENDMENTS.

## COUNT IV
### 42 U.S.C. SEC. 1983

38. PARAGRAPHS 1 THROUGH 37 ARE INCORPORATED HEREIN AS IF SET FORTH IN FULL.

39. DEFENDANTS FRANK KLUYBER JR., MARK LUTZ, EBERHART, A FRANCISCO AND OTHERS AT YORK COUNTY PRISON BETWEEN 12/9/00 AN 12/11/00, AS ALLEGED BY PLAINTIFF, DID HARASSED, THREATENED AND MA COMMENTS "PERMEATED WITH MALICIOUS AND RECKLESS INDIFFERENCE TOWARDS PLAINTIFF". AND DID ALSO ASSAULTED PLAINTIFF, CAUSING BODIL INJURIES BY TWISTING PLAINTIFF'S NECK AND BACK AND PUSHING, THUS AGGRAVATING PLAINTIFF'S NECK AND BACK INJURIES

40. PLAINTIFF IS CHARGING DEFENDANTS KLUYBER JR., LUTZ, EBERH AND FRANCISCO WITH ASSAULTS AND BATTERY, INFLICTION OF EMOTIONA DISTRESS, PAIN AND SUFFERING, AND VIOLATION OF HIS CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS.

41. DEFENDANTS ALVAREZ, LUTZ, FRANCISCO, AND OTHERS AT YORK COUNTY PRISON BETWEEN 12/11/00 AND 12/14/00, AS ALLEGED BY PLAINTIFF DID SUBJECTED PLAINTIFF TO RACIAL SLURS, STEROTYPES, AND EPITHETS LIKE "NIGGER", "YOU BOY", AND "FUCKING NIGERIA", ECT., AND ALSO HARAS AND THREATENED PLAINTIFF.

42. PLAINTIFF IS CHARGING DEFENDANTS ALVAREZ, LUTZ, AND FRANCISCO WITH AGGRAVATED RACIAL AND EMOTIONAL HARASSMENT, AND VIOLATIONS OF HIS CONSTITUTIONAL RIGHTS.

43. DEFENDANT DENNIS W. BOWEN, AND OTHERS AT YORK COUNTY PRISON DID SUBJECTED HIM TO TORTURE, UNNECESSARY PAIN AND SUFFERING IN VIOLATION OF THE U.S. CONSTITUTION, AND ARE BEEN CHARGED WITH INFLICTING EMOTIONAL DISTRESS AND VIOLATION OF HIS CONSTITUTIONAL RIGHTS.

44. DEFENDANTS JHL HUMMEL AND MEDICAL DEPT. AND JANE DOE AT YORK COUNTY PRISON DID NOT PROVIDE ADEQUATE MEDICAL CARES AND TREATMENTS AND DID DENIED PLAINTIFF ACCESS TO ADEQUATE MEDICAL CARES AND TREATMENTS, AND CHARGED WITH MEDICAL MALPRACTICE AND NEGLIGENT.

45. DEFENDANTS, AND OTHERS AT YORK COUNTY PRISON, BETWEEN 12-7-00 AND PRESENT, AS ALLEGED BY PLAINTIFF, DID WILLFULLY DENIED HIM MEDICAL THERAPEUTIC FOOD DIETS, AND SUBJECTED HIM TO POISONOUS FOODS AND STARVATION.

46. DEFENDANTS, AND OTHERS AT YORK COUNTY PRISON, BETWEEN 12-7 AND PRESENT DID DENIED HIM PHYSICAL THERAPEUTIC TREATMENTS AND PSYCHOTHERAPY TREATMENTS, AND SUBJECTED HIM TO MORE TORTUROUS, AND UNNECESSARY PAIN AND SUFFERING.

47. DEFENDANTS, AND OTHERS AT YORK COUNTY PRISON, BETWEEN 12-7-0 AND PRESENT, AS ALLEGED BY PLAINTIFF, DID DENIED HIM ACCESS TO HANDI TOILETS AND SHOWERS, AND DID DISCRIMINATED AND TREATED HIM DIFFERENTLY FROM OTHERS, ADVERSELY BECAUSE OF HIS RACE AND DISABILITIES.

48. PLAINTIFF IS CHARGING DEFENDANTS WITH INTENTIONALLY INFLICTED OF EMOTIONAL DISTRESS, MENTAL AND PSYCHOLOGICAL AND

49. THE DEFENDANTS IDENTIFIED IN THIS COUNT ARE LIABLE TO THE PLAINTIFF AS CONSEQUENCES OF THE INJURIES AND DAMAGES ALLEGED IN THIS COUNT.

## COUNT V
### VIOLATION OF ADA (42 U.S.C. SEC. 12132) AND PENNSYLVANIA ANTI-DISCRIMINATION LAWS

50. PARAGRAPHS 1 THROUGH 49 ARE INCORPORATED HEREIN AS IF SET FORTH IN FULL.

51. Plaintiff alleged that the defendants provided him with inadequate medical care, treated him with disabilities differently and adversely from other detainees with disabilities, and otherwise failed to make reasonable accommodations for plaintiff's disability, because the defendants routinely provided inadequate, negligent, improper medical cares. Treatments were delayed or denied, medications were denied, food diets were denied, physical therapy and psychotherapy treatments were delayed or denied, no handicap access to toilets and showers, access to all his legal papers were denied, including access to law library.

52. Plaintiff alleged that his Eighth Amendment rights were violated by the defendants, because plaintiff was not allowed to take his daily needed medications or access to medical treatment were denied. "A medical need is 'serious' if it is one that has been diagnosed by a physician as mandating treatment, or one that is obvious that even a lay person would easily recognize the necessity for a doctor's attention." Mahan v. Plymouth County House of Corrections, 64 F.3d 14, 17 (1st Cir. 1995) (citation omitted).

53. This plaintiff also alleged that the defendants are poisoning and torturing him by serving and giving him foods that aggravated his already health problems, and subjected him to starvation, which is "tantamount to cruel and unusual punishment."

54. As consequences of the misconducts complained of in this count, plaintiff suffered pain, injuries, and other damages. These named defendants are liable to plaintiff for damages.

## Count VI

### Retaliation in Violation of the ADA and State Laws
### 42 U.S.C. Sec. 12132 (ADA)

55. Paragraphs 1 through 54 are incorporated herein as if set forth in full.

56. The retaliation and adverse treatment of plaintiff by the named defendants and others at the York County Prison, including the withholding of medications and denial of medical treatment, cares, food diets denied, access to all legal papers denied, access to law library denied, access to handicapped toilets and showers denied, physical therapy and psychotherapy treatments delayed or denied, and other adverse treatments for which plaintiff has been singled out,

(ii)

CONSEQUENCES OF DEFENDANTS MISCONDUCTS. THESE NAMED DEFENDANTS HAS VIOLATED RIGHTS GUARANTEED TO PLAINTIFF BY 42 U.S.C. SEC. 12132, ET SEQ., THE AMERICANS WITH DISABILITIES ACT.

57. AS CONSEQUENCES OF THE MISCONDUCTS COMPLAINED OF IN THIS COUNT, DEFENDANTS ARE RESPONSIBLE FOR THE MISCONDUCTS DISCRIBED IN THIS COUNT AND ARE LIABLE TO PLAINTIFF UNDER 42 U.S.C. 1983 FOR THE INTENTIONAL RETALIATION AND OTHER VIOLATIONS OF RIGHTS GUARANTEED T PLAINTIFF BY THE 1ST, 8TH, AND 14TH AMENDMENTS TO THE U.S. CONSTITUTION.

## LIABILITY

58. THIS ACTION IS BROUGHT AGAINST THE DEFENDANTS INDIVIDUALLY, AN IN BOTH THEIR PERSONAL AND OFFICIAL CAPACITIES. PLAINTIFF RESERVES THE RIGHT TO AMEND THIS LAW SUIT WITH OTHER DEFENDANTS AS THEIR IDENTITIES BECOMES KNOWN AND CLAIMS, AS THEY BECOMES MANIFESTED FROM THE CONCEALMENT OF THE NAMED DEFENDANTS.

## STATEMENT OF RELIEF SOUGHT

WHEREFORE, PLAINTIFF PRAYS FOR RELIEF AND ASKS THAT THIS HONORABLE COURT:

1. ADVANCE THIS MATTER ON THE COURT'S CALENDAR AND SCHEDULE IT FOR JURY TRIAL AS EXPEDITIOUSLY AS POSSIBLE;

2. GRANT AN EMERGENCY INTERIM INJUNCTIVE ORDER, DIRECTING THE DEFENDANTS TO ALLOWED PLAINTIFF ACCESS TO ALL HIS LEGAL PAPERS, AND LAW LIBRARY TO ENABLE PLAINTIFF PREPARE AND PERFECT HIS PETITION FOR REVIEW DUE ON OR BEFORE DECEMBER 30, 2000, IN THE U.S. COURT OF APPEAL FOR THE FIRST CIRCUIT IN ORDER TO OBTAIN STAY OF DEPORTATION FROM THE FINAL ADMINISTRATIVE ORDER OF DEPORTATION ENTERED BY BIA ON 11-30-00;

3. APPOINT COUNSEL, PURSUANT TO 28 U.S.C. SEC. 1915(D), TO REPRESENT AN INDIGENT PRISONER (PLAINTIFF) IN THIS ACTION;

4. ALSO, GRANT INTERIM INJUNCTIVE RELIEF AS REQUIRED TO PREVENT FURTHER OR CONTINUING VIOLATIONS OF PLAINTIFF'S RIGHTS AND TO PROVIDE ADEQUATE MEDICAL TREATMENTS AND CARES, ACCESS TO HANDICAPPED TIOL AND SHOWERS, PHYSICAL THERAPY AND PSYCHOTHERAPY TREATMENTS, AND PROPER FOOD DIETS;

5. AFTER TRIAL, ENTER JUDGMENT IN FAVOR OF PLAINTIFF AND AGAINS DEFENDANTS, AWARDING PLAINTIFF ACTUAL AND EXEMPLARY DAMAGES L INTEREST THEREON; THE COSTS OF THIS ACTION, AND SUCH ATTORNEY'S FEES

(12)

MAY BE AUTHORIZED BY STATUTE OR OTHERWISE AGAINST THE DEFENDANTS;

6. AWARD THE PLAINTIFF COMPENSATORY RELIEF IN THE AMOUNT OF $10 MILLION DOLLARS; AND BECAUSE OF THE DEFENDANTS' REMISS OF THIS PLAINTIFF'S MEDICAL HEALTH, TREATMENTS AND CARES, NO HANDICAPPED TOILETS AND SHOWERS, NO PROPER FOOD DIETS, MEDICAL MALPRACTICE, NO PHYSICAL THERAPY AND PSYCHOTHERAPY TREATMENTS, ETC., GRANT PLAINTIFF PUNITIVE DAMAGES IN THE AMOUNT OF $1 MILLION DOLLAR AGAINST EACH DEFENDANT SEPERATELY, AND ALSO BECAUSE OF THE DEFENDANTS' NEGLIG. OF PLAINTIFF'S MENTAL AND PSYCHOLOGICAL TORTURES, WILLFULNESS AN. RECKLESS ENDANGERMENT RESULTING IN INJURIES, AND INFLICTION OF UNNECESSARY PAIN AND SUFFERING;

7. ANY COURT COST INCURED IN THIS LITIGATION OF LAW SUIT AND ANY ATTORNEY FEES INCURED IN THIS ACTION TO BE PAID FOR BY THE DEFENDANTS, PURSUANT TO 42 U.S.C. SEC. 1988;

8. TRIAL BY JURY UNDER THE 7TH AMENDMENT TO THE UNITED STATE CONSTITUTION;

9. ALLOW PLAINTIFF TO AMEND THIS CIVIL COMPLAINT, AS IT MAY BECOME NECESSARY; AND

10. AWARDING, PLAINTIFF SUCH OTHER RELIEF, INCLUDING PERMANENT INJUNCTIVE AND EQUITABLE RELIEF, AS THIS HONORABLE COURT DEEMS J. AND PROPER UNDER THE FEDERAL AND STATE LAWS IN FAVOR OF THIS PLAINTIFF AND ADVERSE TOWARDS ALL THE NAMED DEFENDANTS.

RESPECTFULLY SUBMITTED,
BY THE PLAINTIFF,

_____ 12/19/00
SAMSON OMOSEFUNMI, PRO SE
YORK COUNTY PRISON
3400 CONCORD RD.
YORK, PA., 17402

DATED: DEC. 19TH, 2000.

### DEMAND FOR TRIAL BY JURY

PLAINTIFF, SAMSON OMOSEFUNMI, HEREBY DEMANDS A TRIAL BY JURY ON AL THE ISSUES TRIABLE TO A JURY, UNDER THE 7TH AMENDMENT TO U.S. CONST

RESPECTFULLY SUBMITTED,

_____ 12/19/00
SAMSON OMOSEFUNMI, PRO SE

_____ County, ss    U.S. DISTRICT Cour

Docket No. _____

SAMSON OMOSEFUNMI

v.

YORK COUNTY PRISON, AND
THOMAS HOGAN, WARDEN, ET. AL.

RECEIVED
SCRANTON

DEC 21 2000

MARY E. D'ANDREA, CLERK
PER _____ KM
DEPUTY CLERK

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the following documents:

(1) CIVIL COVER SHEET; (2) APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT; AND (3) COMPLAINT FOR CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATIONS WITH JURY DEMAND.

have been forwarded by first class mail, postage prepaid to the following parties to this action.

Clerk, U.S. STATES DISTRICT COURT, MIDDLE DISTRICT, U.S. COURTHOUSE, 235 N. WASHINGTON AV., SCRANTON, PA., 18501-1148

Assistant District Attorney, _____

Defendant's Attorney, THOMAS HOGAN, WARDEN, YORK COUN PRISON, 3400 CONCORD RD., YORK, PA., 17402

Signed under the pains and penalties of perjury on this 19TH day of DEC. , 2000.

_____ 12/19/00
SAMSON OMOSEFUNMI                    , Pro s
YORK COUNTY PRISON
#61639, MED-2
3400 CONCORD RD.
YORK, PA. 17402

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENN.
U.S. COURTHOUSE
235 NORTH WASHINGTON AV.
P.O. BOX 1148
SCRANTON, PA., 18501-1148

SAMSON OMOSEFUNMI
#61639
YORK COUNTY PRISON
3400 CONCORD RD.
YORK, PA., 17402
DEC. 19TH, 2000

RECEIVED
SCRANTON
DEC 21 2000
MARY E. D'ANDREA, CLERK
PER _____
DEPUTY CLERK

RE: Omosefunmi vs. York County Prison, Thomas Hogan, Warden
DKT #:

DEAR HON. CLERK,

ENCLOSED FOR FILING, PLEASE FIND THE FOLLOWING (1) PLAINTIFF'S CIVIL COVER SHEET; (2) PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT; (3) PLAINTIFF'S COMPLAINT FOR CIVIL RIGHTS AND CONSTITUTIONAL RIGHTS VIOLATION WITH JURY DEMAND; AND (4) CERTIFICATE OF SERVICE IN THE ABOVE-CAPTIONED CASE.

THANK YOU FOR YOUR PROMPT ATTENTION TO THIS MATTER.

SINCERELY,
[signature] 12/19/00
SAMSON OMOSEFUNMI, PRO SE