*see ar*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMSON OMOSEFUNMI, : | |
| Plaintiff : | |
| : | |
| vs. : | CIVIL ACTION NO. 1:CV-00-2228 |
| : | |
| YORK COUNTY PRISON, et al., : | |
| Defendants : | |

FILED
HARRISBURG, PA

FEB 2 - 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

M E M O R A N D U M

I.  Introduction.

Samson Omosefunmi, an INS detainee at the Buffalo Federal Detention Facility, but a detainee at the York County Prison at the time this lawsuit was filed, initiated this civil rights action pro se pursuant to 42 U.S.C. § 1983. He has named the following as defendants: the York County Prison; Thomas Hogan, the warden of the prison; Dennis W. Bowen, the deputy warden; Captain Frank Kluyber Jr., a supervisory officer; Mark Lutz, and individuals named Eberhart, Francisco, Alvarez, all officers at the prison; an individual named Hummel, the prison's medical director; and various Jane Does defendants, medical personnel.

Along with his complaint, plaintiff applied for in forma pauperis status. In a separate order filed today, we have granted him that status. Under authority conferred by 28 U.S.C. § 1915(e)(2)(B)(ii) to review complaints filed by persons

proceeding in forma pauperis, we will dismiss some of the claims presented here and allow others to continue.

II.  Background.

In pertinent part, the Plaintiff alleges the following. He is a detainee of the Immigration and Naturalization Service (INS), and spent about two weeks in the York County Prison, December 7, 2000, to, at the latest, December 22, 2000. (Complaint, ¶ 16; see also doc. 4).

On December 9, 10 and 11, 2000, defendants Kluyber, Lutz, Eberhart and Francisco tried to remove Omosefunmi forcibly from his cell at the direction of defendant Hogan for removal to Nigeria. Hogan had ordered removal even though the Plaintiff had obtained a stay of his deportation from a federal court in Massachusetts. On these three occasions, Kluyber, Lutz, Eberhart and Francisco assaulted the Plaintiff, causing bodily injuries. Defendant Francisco took away the Plaintiff's wheelchair.

Along with defendants Lutz and Kluyber, Francisco and Alvarez continued to threaten Omosefunmi with bodily injury, and on other occasions, Lutz, Francisco and Alvarez used racial slurs.

On December 11, 2000, Lutz and Kluyber created a false disciplinary report that was tried before a "kangaroo court" run by defendant Bowen resulting in seven days of solitary confinement. The disciplinary proceedings were in retaliation for

2

the Plaintiff having complained about his lack of access to handicapped showers and toilets.

The Plaintiff also alleges that he was denied access to "medical therapeutic food diets, handicapped showers and toilets, physical therapy treatments, psychotherapy treatments, and access to all his legal papers," (complaint at p. 2, ¶ D), as well as to the law library and medical treatment. The psychotherapy treatments were for chronic depression and anxiety. The Plaintiff also alleges that whatever food was given to him was poisoned. (Complaint at p. 6, ¶ 22). The Plaintiff filed written requests about these matters on or about December 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17, 2000, and on December 9, 12, 13, and 14, 2000, formal complaints on a Form-801. He alleges that based on these complaints, supervisory defendants were on notice of his claims.

On or about December 13, 2000, the Plaintiff allegedly passed out from "massive chest pains" (complaint at p. 5, ¶ 20), but the Jane Doe medical personnel would not attend to him, supposedly because he smelled (but he only smelled because he could not use the showers). On December 12, he had gone "on hunger strike to force the Defendants to look into his cares and conditions, but was futiled." (Id. at p. 5, ¶ 19).

The Plaintiff also alleges that he was unconstitutionally housed with "murderers, rapists and armed robbers," and that after he complained about denial of access to

3

his medications and medical treatment, the Defendant Hummel and medical staff denied him medications.

Omosefunmi alleges that the Defendants discriminated against him on the basis of his race and his disability (apparently a physical one) and makes claims based on the First Amendment, the Eighth Amendment, and the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12131-12165, including a retaliation claim under the ADA. He seeks compensatory and punitive damages and injunctive relief.

III. Discussion.

To begin with, since Omosefunmi is no longer at York County Prison we can dismiss any claim for injunctive relief as moot. In addition, the York County Prison is not an entity that can be sued so the prison will be dismissed as a defendant. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Sponsler v. Berks County Prison, 1995 WL 92370, at *1 (E.D. Pa.); Gonzalez v. Lancaster County Prison, 1995 WL 46697, at *1 (E.D. Pa.); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976). We also conclude that the following claims are dismissed for failure to state claim upon which relief may be granted.

First, the claim that defendants Lutz, Kluyber, Francisco and Alvarez threatened Omosefunmi with bodily injury and the claim that Lutz, Francisco and Alvarez used racial slurs against him on other occasions must fail. Mere verbal harassment,

4

even harassment that includes threats of violence, is not a violation of civil rights. See MacLean v. Secor, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995)(collecting cases). Nor is the mere use of racial slurs. See Jones v. Kyler, No. 3:CV-98-1242 (M.D. Pa. Oct. 16, 1998); Williams v. Lindsey, 2000 WL 1677955, at *1 (N.D. Cal.); McKethan v. Carbone, 1998 WL 178804, at *2 (N.D.N.Y.).

The claims that the Plaintiff was denied access to "medical therapeutic food diets, . . . physical therapy treatments, psychotherapy treatments, . . . access to all his legal papers," (complaint at p. 2, ¶ D), as well as to the law library are also without merit. The Plaintiff was at the prison for, at most, two weeks. Thus, claims that he was denied a therapeutic diet, physical therapy and psychological treatment for this brief period of time are insufficient under the Eighth Amendment.[1]

As to the claim of denial of access to his legal papers and to the prison law library, there is no constitutional right of access to legal papers or to a prison law library. See Lewis v. Casey, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). There is a right of access to the courts. Id. However, to make such a claim, the Plaintiff would have to allege an actual injury; that a prison defendant actually prevented him from filing a

---

[1]Dismissal will also include the incredible claim that Omosefunmi's food was poisoned.

5

lawsuit or interfered with the pursuit of one already filed. <u>Id.</u> The Plaintiff makes no such allegation. He does allege that he had to "prepare and perfect his petition" to the First Circuit by December 30, 2000, to obtain a stay of deportation, (complaint at p. 11), but does not allege in this case, filed December 21, 2000, that any Defendant prevented him from doing that.

The Plaintiff's claim that he was unconstitutionally housed with "murderers, rapists and armed robbers" is also without merit. The INS has the right to detain him and can use a county prison for that purpose.

The Plaintiff has made two retaliation claims which are also without merit. First, he alleges that, after he complained about his lack of access to handicapped showers and toilets, he was tried before a "kangaroo court" run by defendant Bowen after defendants Lutz and Kluyber made a false disciplinary report on December 11, 2000, resulting in seven days of solitary confinement. Second, he alleges that, after he complained about denial of access to his medications and medical treatment, the Defendant Hummel and medical staff denied him medications.

Mere conclusory allegations of retaliation are not sufficient, <u>Flaherty v. Coughlin</u>, 713 F.2d 10, 13 (2d Cir. 1983), and only complaints which allege "facts giving rise to a colorable suspicion of retaliation" may proceed. <u>Id.</u> The Plaintiff has made only conclusory allegations of retaliation. Hence, his retaliation claims have no merit.

6

AO 72A
(Rev 8/82)

That leaves only the following claims: first, that on December 9, 10 and 11, 2000, defendants Kluyber, Lutz, Eberhart and Francisco tried to remove Omosefunmi forcibly from his cell at the direction of defendant Hogan for removal to Nigeria and on these three occasions, Kluyber, Lutz, Eberhart and Francisco assaulted the Plaintiff, causing bodily injuries; second, that defendant Francisco took away the Plaintiff's wheelchair; third, that the Plaintiff was denied access to handicapped showers and toilets; fourth, that defendant Hummel denied him medical treatment; and fifth, that Jane Doe medical personnel refused to treat him on or about December 13, 2000, after he allegedly passed out from "massive chest pains."

For the claim against the Jane Does, the Plaintiff is advised that he must find out their real names as soon as possible. We permit Jane or John Doe defendants when it is obvious that the plaintiff intends to sue a real person who he simply cannot name yet, and there are named defendants in the action against whom the litigation can proceed. See Scheetz v. Morning Call, Inc., 130 F.R.D. 34 (E.D.Pa. 1990). See also Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998)(quoting Scheetz with approval). However, there may be problems if the named defendants are dismissed from the case at an early stage and only John Doe defendants remain. That point has not been reached yet in this lawsuit, but we may have to dismiss this claim if eventually there is no identifiable person against whom to proceed. The plaintiff

should therefore attempt as soon as possible to identify and name his Jane Doe defendants.

We will issue an appropriate order.

                                            */s/ William W. Caldwell*
                                            William W. Caldwell
                                            United States District Judge

Date: February 2, 2001

8

AO 72A
(Rev 8/82)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON OMOSEFUNMI,          :
    Plaintiff
                              :

vs.                         :  CIVIL ACTION NO. 1:CV-00-2228
                              :
YORK COUNTY PRISON, et al., 
    Defendants             :

**FILED
HARRISBURG, PA

FEB 2 - 2001

MARY E. D'ANDREA, CLERK
PER_____
         DEPUTY CLERK**

O R D E R

AND NOW, this 2nd day of February, 2001, in accordance with the accompanying memorandum, it is ordered that:

    1. The following claims are hereby dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state claim upon which relief may be granted: (a) the claim that defendants Lutz, Kluyber, Francisco and Alvarez threatened Omosefunmi with bodily injury; (b) the claim that Lutz, Francisco and Alvarez used racial slurs against him; (c) the claim that the Plaintiff was denied access to medical therapeutic food diets, physical therapy treatments, psychotherapy treatments; (d) the claim that the Plaintiff was being denied access to all his legal papers and to the prison law library; (e) the claim that the Plaintiff was unconstitutionally housed with murderers, rapists and armed robbers; (f) the retaliation claim that the Plaintiff was subjected to a disciplinary hearing on false charges; (g) the retaliation claim that Defendant Hummel and medical staff denied him medications.

    2. The following claims remain in this case: (a) the claim that on December 9, 10 and 11, 2000, defendants Kluyber, Lutz, Eberhart and Francisco assaulted the Plaintiff while trying to remove him from his cell at the direction of defendant Hogan; (b) the claim

that defendant Francisco took away the Plaintiff's wheelchair; (c) the claim that the Plaintiff was denied access to handicapped showers and toilets; (d) the claim that defendant Hummel denied him medical treatment; and (e) the claim that Jane Doe medical personnel refused to treat him on or about December 13, 2000, after he allegedly passed out from "massive chest pains."

3. The York County Prison is dismissed as a defendant in this action and any claims for injunctive relief are denied.

4. The Clerk of Court shall cause service of process to issue in accord with Fed. R. Civ. P. 4 on the following defendants: Hogan, Bowen, Kluyber, Lutz, Eberhart, Francisco and Hummel.

5. Service shall include a copy of this order and the accompanying memorandum.

*William W. Caldwell*
William W. Caldwell
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 2, 2001

Re: 1:00-cv-02228    Omosefunmi v. York County Prison

True and correct copies of the attached were mailed by the clerk to the following:

Samson Omosefunmi
Buffalo Federal Detention Facility
026864117
4250 Federal Drive
Batavia, NY  14020

```
cc:
Judge                          ( ✓ )            ( ) Pro Se Law Clerk
Magistrate Judge               (   )            ( ) INS
U.S. Marshal                   (   )            ( ) Jury Clerk
Probation                      (   )
U.S. Attorney                  (   )
Atty. for Deft.                (   )
Defendant                      (   )
Warden                         (   )
Bureau of Prisons              (   )
Ct Reporter                    (   )
Ctroom Deputy                  (   )
Orig-Security                  (   )
Federal Public Defender        (   )
Summons Issued                 ( ✓ ) with N/C attached to complt. and served by:
                                     U.S. Marshal ( ✓ )    Pltf's Attorney (   )
Standard Order 93-5            (   )
Order to Show Cause            (   ) with Petition attached & mailed certified mail
                                     to: US Atty Gen  (   )   PA Atty Gen  (   )
                                         DA of County (   )   Respondents  (   )
Bankruptcy Court               (   )
Other _____  (   )
```

MARY E. D'ANDREA, Clerk

DATE: _____2-2-01_____              BY: _____
                                        Deputy Clerk