ORIGINAL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON OMOSEFUNMI            :      NO:  1 : CV – 00 -2228
              Plaintiff          :
                                 :
          v.                     :      (Judge  William W. Caldwell)
                                 :
YORK COUNTY PRISON, THOMAS HOGAN, :
WARDEN, DENNIS W. BOWEN, DEPUTY   :
WARDEN, CAPTAIN FRANK KLUYBER, JR.,  :
OFFICER MARK LUTZ, OFFICER EVERHART :
OFFICER FRANCISCO, and J. HUMMEL,   :
MEDICAL DIRECTOR,                :
              Defendants         :

FILED
HARRISBURG

APR 1 6 2001

MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

## DEFENDANTS' BRIEF IN SUPPORT
## OF A MOTION TO DISMISS PLAINTIFF'S COMPLAINT
## PURSUANT TO F.R.C.P. 12(B)(6)

I.     **FACTS AND PROCEDURAL HISTORY**

On December 21, 2000, Samson Omosefunmi, hereinafter referred to as "Omosefunmi" filed a complaint alleging a violation of the Federal Civil Rights Act.

His complaint alleges that his civil rights were violated because he was "willfully denied…his access to all his legal papers, law library, handicapped toilets and showers, medical therapeutic food diets, physical therapeutic treatments, psychotherapy treatments, and adequate medical treatments and medications."

In addition, the plaintiff alleges that he suffered emotion, physical, and economic injuries and pain, psychological, mental anguish as a direct consequences of willfulness conduct of the named defendants.  This misconduct included an allegation that he was "treated as less than human beings and was the victim of malicious and reckless indifference evidenced by an alleged assault which caused him bodily injury in the twisting of his neck and back and by pushing thus aggravating plaintiff' s neck and back injuries."

By memorandum and an Order dated February 2, 2001, the Court dismissed all of the actions filed against the above named defendants with the exception of the defendants Kluyber, Lutz, Eberhart, Francisco, and Jane Doe.   The basis of the Omosefunmi's claim is his alleged bodily injuries from being forcibly removed from his cell, and the denial of access to handicapped showers and toilets, and that he was denied medical treatment for massive chest pains by Jane Doe.

An affidavit filed by the Assistant County Solicitor for the County of York establishes that at the time of the incident described in Omosefunmi's complaint, there was in place at the York County Prison a grievance system that provided for administrative relief for all of the issues raised by the Plaintiff, including his claim for money damages.   Also, Omosefunmi filed the present action before exhausting the administrative remedies that were in place and capable of granting him the relief requested in the present action.

In addition, an affidavit of the medical director indicates that Omosefunmi was not denied medical care for his alleged massive chest pain.  Finally, Captain Kluyber of the York County Prison has filed an affidavit that there were valid and legitimate reasons for

2

Omosefunmi to be removed from his medical cell and only reasonable force was used in the process. These affidavits strongly suggest that Omosefunmi's allegations are frivolous and malicious.

Defendants have filed a 12(B) (6) Motion indicating that the Plaintiff's action should be dismissed because he failed to exhaust administrative remedies that were in place at the York County Prison to consider the alleged violations set forth in his complaint and because his claim is frivolous and malicious.

II.    **QUESTIONS PRESENTED FOR REVIEW**

    A.    **DOES PLAINTIFF'S COMPLAINT STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS THAT IS COGNIZABLE IN THE UNITED STATES DISTRICT COURT?**

III.    **ARGUMENT**

    A.    **PLAINTIFF'S COMPLAINT DOES NOT STATE A CAUSE OF ACTION AGAINST THE DEFENDANTS THAT IS COGNIZABLE IN THE UNITED STATES DISTRICT COURT.**

The Prisoner Litigation Reform Act, (42 U. S. C. §1997 E) prohibits the filing of an action under 42 U.S.C. § 1983 by a prisoner confined in any jail, prison, or other correctional facility, **until such administrative remedies as are available are exhausted**.

In addition, 42 U.S.C. § 1997 E(c) provides the following:

> 1.    The Court shall on its own motion or on the motion of the party, dismiss any action brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility; and if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from relief.

In the case at hand, it is submitted that that the Plaintiff "Omosefunmi" has failed to comply with federal law.   Affidavits filed by the defendants establish that there is and was a prisoner grievance system in place at the York County Prison.   Omosefunmi, as an inmate at the York County Prison failed to file a grievance and to follow the administrative system that was established to grant the relief, which he requested and would have been available to him, if his complaints were established to be valid.  The Third Circuit Court of appeals has held that before an inmate may pursue remedies under federal law that the Prison Litigation Reform Act must be complied with.  NYHUIS v. Janet Reno, Attorney General et al, 204 F.3d 65 (3rd Cir.2000)   His failure to exhaust the available administrative claims requires this action to be dismissed.

It is submitted that this lawsuit is frivolous and malicious and should be dismissed.


**IV.    CONCLUSION**

The inmate in this case has failed to comply with federal law by failing to utilize administrative remedies that were available to him to address the conditions that are set forth in his Complaint.

It is also submitted that the inmate's complaint is frivolous and that the continued action by the inmate is a malicious and a groundless effort to waste time and to obtain relief to which he is not entitled.   Omosefunmi's complaint should be dismissed.

Respectfully submitted,

By: _____

Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799
Assistant County Solicitor for York County

Dated: __4-11-01__

# CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire certify that a true and correct copy of the foregoing Defendant's Brief In Support of a Motion to Dismiss Plaintiff's Complaint pursuant to F.R.C.P. 12(b)(6) was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

Samson Omosefunmi
#026864117
4250 Federal Drive
Batavia, NY  14020

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Assistant Solicitor for York County

Dated: _4-16-01_