ORIGINAL

FILED
HARRISBURG

MAY 0 7 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON OMOSEFUNMI          :     NO: 1 : CV – 00 -2228
      Plaintiff          :
                 :
                 :
      v.          :     (Judge  William W. Caldwell)
                 :
YORK COUNTY PRISON, THOMAS HOGAN,   :
WARDEN, DENNIS W. BOWEN, DEPUTY     :
WARDEN, CAPTAIN FRANK KLUYBER, JR.,  :
OFFICER MARK LUTZ, OFFICER EVERHART :
OFFICER FRANCISCO, and J. HUMMEL,   :
MEDICAL DIRECTOR,          :
      Defendants

## DEFENDANTS' BRIEF IN OPPOSITION
## TO MOTION OF PLAINTIFF FOR APPOINTMENT
## OF COUNSEL AND ENLARGEMENT OF TIME

I.     **FACTS AND PROCEDURAL HISTORY**

On December 21, 2000, Samson Omosefunmi hereinafter referred to as Omosefunmi, filed a complaint alleging a violation of the Civil Acts Act.

By Memorandum and Order dated February 2, 2001, the court dismissed all the actions filed against the above named Defendants with the exception of the Defendants Kluyber, Lutz, Everhart, Francisco, and Jane Doe.

The remaining Defendants have a filed a 12(B)(6) Motion indicating that the Plaintiff's action should be dismissed because he failed to exhaust administrative remedies that were in place in the York County Prison and because his claim was frivolous and malicious.

The Plaintiff responded to the Defendants' Motion with his own Motion to Dismiss and a Plaintiff's Motion for Appointment of Counsel.

The Defendants file this Brief in opposition to Plaintiff's Motion.


II.     **QUESTIONS PRESENTED FOR REVIEW**

   A.     **SHOULD COUNSEL BE APPOINTED TO REPRESENT PLAINTIFF IN THE ABOVE-CAPTIONED CASE?**


III.    **ARGUMENT**

   A.     **PLAINTIFF'S MOTION TO DISMISS AND FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED.**

Plaintiff has no constitutional rights to appointment of counsel in a civil case. It is noted that the Court does have discretionary power to appoint counsel under 28 U.S.C. §1915(d). Tabron V. Grace, 6 F.3d 147 (3d. Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d. Cir. 1981).

The language, in the forma pauperis statute, does not restrict the Court's discretion to appoint counsel. However, there are practical considerations that must be noted. Appointing a lawyer who is duty-bound under the Canons of Ethics to represent his client

by Court Order and not be voluntary assumption of the role of an advocate, deprives the lawyer of the ability to refuse to proceed with unfounded and unwarranted litigation. Normally, the employment of counsel for an indigent litigant is to be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the Court in a complex but arguably meritorious case." Smith-Bay v. Petsock, 741 F.2d. 22, 26 (3d. Cir. 1984).

In his Motion, the Plaintiff avers no exceptional circumstances that exist, which would warrant the appointment of counsel other than to state that he has raised some "complex constitutional issues that need to be answered and addressed by a very competent attorney". In addition, the Plaintiff does not have a meritorious case. The Motion is merely an extension of his original Complaint, which is frivolous and without a valid legal or factual basis.

It is submitted that the inmate has failed to identify valid grounds for the appointment of counsel. With the Court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), and the prisoner's ability to communicate his complaints, there is no valid reason to appoint counsel. The legal issues are not complicated, and if at any time it appears to the Court that the Plaintiff will suffer prejudice, an appropriate appointment may be made at that time.

## IV. CONCLUSION

Plaintiff's request for the appointment of counsel should be denied.  There is no reason to continue the frivolous litigation.

Respectfully submitted,

By: _____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Assistant County Solicitor
Attorney for Defendants

Dated: 5-4-01

## CERTIFICATE OF SERVICE

I, Donald L. Reihart, Esquire certify that a true and correct copy of the foregoing Defendant's Brief In Opposition to Plaintiff's Motion for Appointment of counsel and Enlargement of Time was caused to be served on the date shown below by depositing same in the United States mail, first-class, postage prepaid thereon, addressed as follows:

Samson Omosefunmi
#026864117
4250 Federal Drive
Batavia, NY  14020

Respectfully submitted,

By:_____
Donald L. Reihart, Esq.
Sup. Ct. I.D. #07421
2600 Eastern Boulevard
Suite 204
York, PA 17402-2904
Telephone (717) 755-2799

Assistant County Solicitor
Attorney for the Defendants

Dated: 5-4-01