

FILED
HARRISBURG

JUN 14 2001

MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

Return to Sender
NO ADDRESSEE

RETURNED TO SENDER
ATTEMPTED, NOT KNOWN

Samson Omosefunmi
Buffalo Federal Detention Facility
026864117
4250 Federal Drive
Batavia, NY  14020


Re: 1:00-cv-02228

------------------------------------

------------------------------------

Please file all pleadings directly with the Clerk's Office in which the assigned Judge is located.  Do not file any courtesy copies with the Judge's Chambers.

| JUDICIAL OFFICERS: | CLERK'S OFFICE ADDRESS: |
|---|---|
| Judge Sylvia H. Rambo<br>Judge Yvette Kane<br>Judge William W. Caldwell<br>Magistrate Judge J. Andrew Smyser | U.S. District Court<br>228 Walnut Street<br>P.O. Box 983<br>Harrisburg, PA  17108 |
| Chief Judge Thomas I. Vanaskie<br>Judge A. Richard Caputo<br>Judge James M. Munley<br>Judge William J. Nealon<br>Judge Richard P. Conaboy<br>Judge Edwin M. Kosik<br>Magistrate Judge Malachy E. Mannion<br>Magistrate Judge Thomas M. Blewitt | U.S. District Court<br>235 N. Washington Ave.<br>P.O. Box 1148<br>Scranton, PA  18501 |
| Judge James F. McClure<br>Judge Malcolm Muir | U.S. District Court<br>240 West Third Street<br>Suite 218<br>Williamsport, PA  17701 |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON OMOSEFUNMI, :
    Plaintiff
:

vs. : CIVIL ACTION NO. 1:CV-00-2228

:

YORK COUNTY PRISON, et al.,
    Defendants :

FILED
HARRISBURG, PA

O R D E R

JUN 0 4 2001

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

    The pro se plaintiff, Samson Omosefunmi, has filed a motion for appointment of counsel. This civil rights action alleges that the defendants violated the plaintiff's Eighth Amendment rights by use of excessive force and by failing to treat a medical condition.

    This is a civil action, not a criminal one. Hence, the plaintiff has no right to appointed counsel. Rather, appointment of counsel is discretionary with the court and is governed by 28 U.S.C. § 1915(e)(1) which provides that the court "may request an attorney to represent any person unable to afford counsel."

    In appointing counsel, the Third Circuit has stated that the court should consider the following factors, among others: (1) whether the claim has arguable merit in fact and law; (2) the plaintiff's ability to present his case; (3) the difficulty of the particular legal issues; (4) the degree to which factual

investigation will be required; (5) the ability of the indigent plaintiff to pursue the investigation; and (6) the effort made to retain an attorney before asking the court to appoint one. See Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

We decline to appoint counsel at this time. The most important factor is the plaintiff's effort to obtain counsel on his own. This type of claim is normally handled by private counsel, and the plaintiff has not informed us of the efforts he made, if any, to obtain a lawyer. Additionally, the case does not appear factually or legally difficult.

We also advise the plaintiff of the limited authority that section 1915(e)(1) confers on us. We cannot compel a lawyer to represent him nor do we have funds to pay an attorney who may accept appointment (although attorney's fees are available under 42 U.S.C. § 1988 for any lawyer who represents him if the plaintiff becomes a "prevailing party" in this litigation). Plaintiff should contact private counsel or his local legal aid society for assistance.

Accordingly, this 4th day of June, 2001, it is ordered that

    1. The plaintiff's motion for appointment of counsel (doc. 22) is denied.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAMSON OMOSEFUNMI,
    Plaintiff

vs. : CIVIL ACTION NO. 1:CV-00-2228

YORK COUNTY PRISON, et al.,
    Defendants

FILED
HARRISBURG, PA

JUN 0 4 2001

MARY E. D'ANDREA, CLERK
PER_____ DEPUTY CLERK

O R D E R

AND NOW, this 4th day of June, 2001, it is ordered that:

    1. The motion (doc. no. 17) to dismiss of defendant Hummel and the motion to dismiss of defendants Kluber, Lutz, Everhart, Francisco and Jane Doe (doc. no. 19) are converted to motions for summary judgment under Fed. R. Civ. P. 56.

    2. The Plaintiff is hereby given twenty days from the date of this order to file briefs in opposition to the motions and any supporting evidentiary material.

    3. The Defendants may then file reply briefs in accord with the local rules.

William W. Caldwell
United States District Judge